ACCEPTED
15-25-00166-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/10/2025 12:40 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/10/2025 12:40:47 PM
CHRISTOPHER A. PRINE
Clerk

**15-25-00166-CV**

**IN THE COURT OF APPEALS**

**FIFTEENTH COURT OF APPEALS**

**AUSTIN, TEXAS**

**CARRIE HANSON**

**V.**

**LACYE GARZA**

**APPEALED FROM THE 119TH DISTRICT COURT**
**OF RUNNELS COUNTY, TEXAS**
**CAUSE NUMBER 940**
**HON. BEN WOODWARD, PRESIDING**

**BRIEF OF APPELLANT MOTHER**

JENNY HENLEY

702 HICKORY ST, STE A
ABILENE, TEXAS 79601
TEL 325-677-3195
FAX 325-672-5400
EMAIL justicewithjenny@hotmail.com
STATE BAR NO. 24031921

ATTORNEY FOR APPELLANT MOTHER

**APPELLANT DOES NOT REQUEST ORAL ARGUMENT**

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of the names and addresses of all parties to the trial court's final judgment, as well as their counsel, if any:

Hon. Ben Woodward
119th Court
300 Oak St
Abilene, TX 79602


<u>Attorney for Petitioner at Trial</u>
Shawntell McKillop
439 W Harris
San Angelo, TX 76903

<u>Attorney for Respondent at Trial</u>
Pro Se

<u>Attorney for Respondent/Appellant</u>
Jenny Henley, Attorney
Pro Bono
702A Hickory St
Abilene, TX 79601

# TABLE OF CONTENTS

**TITLE**            **PAGE**

Cover Page     1

Identity of Parties and Counsel     2

Table of Contents     3-4

Index of Authorities     4

Statement of the Case     7

Statement Regarding Oral Argument     8

Issues Presented (TWO Issues Listed)     8

Statement of Facts     9

Summary of the Argument     13

Issue ONE Restated:
There was insufficient evidence presented at trial provided in a clear and convincing manner to terminate the parental Rights of Appellant Mother under TEX. FAM. CODE § 161.001(b)(1)(F).     13

Argument and Authorities: Issue One     14

Issue Two Restated:
The evidence was insufficient as to TEX. FAM. CODE § 161.001(b)(2) as to the best interests of the children that parental rights should be terminated. The matter should be reversed and remanded to the trial court for issues relating to conservatorship, possession, and access to the child.     19

Argument and Authorities: Issue Two     19

Prayer                                                          25

Certificate of Service                                 25

Certificate of Compliance                        26

Authorities with Hyperlinks                    27

Appendix                                              30

# INDEX OF AUTHORITIES

## Caselaw

| CASES | PAGE |
|---|---|
| *Holick v. Smith,* 685 S.W. 2d 18 (Tex. 1985) | 17 |
| *Holley v. Adams,* 544 S.W. 2d 367 (Tex. 1976) | 18-20, 22, 24 |
| *In re: A.V.,* 849 S.W.2d 393 (Tex. App. – Fort Worth, 1993, no writ) | 14 |
| *In re C.H.,* 89 S.W. 3d 17 (Tex. 2002) | 14 |
| *In re: D.R.A.*, 374 S.W. 3d 528 (Tex. App. – Houston [14th Dist.] 2012 ) | 23 |
| *In re: D.S.P.,* 210 S.W.3d 776 (Tex. App.-Corpus Christi 2006, no pet) | 16-17 |
| *In re E.M.E.,* 234 S.W.3d 71 (Tex. App. - El Paso 2007, no pet.) | 17 |
| *In re: J.F.C.,* 96 S.W.3d 256 (Tex. 2002) | 15, 23 |
| *In re: J.O.A.,* 283 S.W. 3d 336 (Tex. 2009) | 23 |
| *In re N.A.F.*, 282 S.W. 3d 113 (2009) | 16-17 |
| *In re T.B.D.,* 223 S.W. 3d 515 (Tex. App.-Amarillo 2006, no pet.) | 17 |
| *In the Interest of G.M,* 596 S.W. 2d 846 (Tex. 1980) | 21 |
| *Santosky v. Kramer*, 455 U.S. 745, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982) | 14,22 |
| *Spangler v. Texas Dept. Reg. Servs.,* 962 S.W.2d 253 (Tex. App.-Waco 1998, no pet.) | 16 |
| *Swate v. Swate,* 72 S.W. 3d 763 (Tex. App. - Waco 2002,pet denied) | 18 |

**CASES**                                                                         **PAGE**

*Troxel v. Granville,* 530 U.S. 57,120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000)     22

## *STATUTES/TREATISES*

**STATUTE**                                                       **PAGE**

TEX.  FAM.  CODE § 101.007                                          14

TEX. FAM. CODE § 153.191                                            21

TEX. FAM. CODE § 153.252                                            21

TEX. FAM.  CODE § 161.001                                      15, 17, 18

TEX. FAM. CODE  § 263.307(b)                                        20

## INITIALS USED IN BRIEF

**Clerk's Record: "CR"**

**Reporter's Record: volume number of reporter's record then "RR" as applicable,**
 **i.e. Reporter's Record Volume 4: "4RR"**

**Mother: "Appellant Mother"**

## 15-25-00166-CV

## BRIEF OF APPELLANT MOTHER

## STATEMENT OF THE CASE

This case began as a TDFPS case where the Department filed its Original Petition on or about October 24, 2017. (CR 5-24) A Final Order in Suit Affecting the Parent-Child Relationship was filed April 9, 2019. (CR 46-74) A Petition to Modify Parent-Child Relationship was filed February 21, 2020. (CR 74-77) An Order in Suit to Modify the Parent-Child Relationship was entered on October 5, 2020 naming Appellee as sole managing conservator and Appellant as Possessory Conservator. (CR 83-90) Thereafter, on July 2, 2021, an Original Petition to Terminate Parent-Child Relationship was filed. (CR 91-97) After hearing, the Court entered an Order of Termination on August 28, 2025 finding that Appellant had failed to support the children in accordance with her ability during a period of one-year ending within six months of the date of filing of the petition and that termination was in the best interest of the children. (CR 120-122) Appellant filed a Pro Se Notice of Appeal, timely, on September 9, 2025. (CR 123) Counsel was appointed, Pro Bono, on September 29, 2025 wherein a motion to extend time was contemporaneously filed, as Appellant counsel was unaware of the timely pro se

filing of the appeal. (CR 126) That motion was dismissed as moot as the appeal is timely.

## STATEMENT REGARDING ORAL ARGUMENT

The issues presented by this appeal are not such that oral argument would clarify any issue and as such, the Appellant Mother does not request oral argument.

## ISSUES PRESENTED

### ISSUE ONE

### Sufficiency of Evidence as to § 161.001(b)(1)(F)

No reasonable fact finder could have found by clear and convincing evidence that the Appellant Mother failed to support the children in accordance with her ability during a period of one year ending within six months of the date of the filing of the petition pursuant to Tex. Fam. Code § 161.001(b)(1)(F). The matter should be reversed and remanded to the trial court for issues relating to conservatorship and access to the children by Appellant Mother.

### ISSUE TWO

### BEST INTEREST of CHILD (§ 161.001(b)(2))

No reasonable factfinder could have found by clear and convincing evidence that it was in the children's the best interests for parental rights to be terminated under TEX. FAM. CODE § 161.001(b)(2). The matter should be reversed and

remanded to the trial court for issues relating to conservatorship, possession, and access to the children.

## STATEMENT OF FACTS

*Testimony of Appellee, Garza*

Appellee, L. Garza testified that Appellant's children are ten years old and eight years old. (2RR 9 at 5-8) The children have lived with Ms. Garza for almost seven and a half years. (2RR 9 at 10) The biological mother is Appellant. (2RR 9 at 11-13) In the 2019 order, the parents were all ordered to pay child support. (2RR 10 at 18-21) Specifically, Appellant Mother was ordered to pay $225.28 monthly beginning May 1, 2019. (2RR 10 at 23-25) Appellant has paid no child support payments, to date. (2RR 11 at 1-2) Petitioner's Exhibit One related to child support of Appellant. (2RR 12 at 6) Exhibit One was admitted into evidence by the Trial Court. (2RR 13 at 17-18) It showed no payments received by the Texas Child Support Disbursement Unit. (3RR 5)

The Appellant was allowed visitation on the third Saturday of the month from a certain time but had to turn in a drug test and papers from MHMR to receive those visits. (2RR 14 at 1-8) She does not recall any visitation between Appellant and the children since 2020. (2RR 15 at 2-4) The children do not even know who she is. (2RR 15 at 16-18) There were original issues with Appellant having drug issues.

(2RR 15 at 21-23) She believes it in the best interest for the children to have parental rights terminated and adopt them. (2RR 16 at 6-11)

Ms. Garza is not working but previously worked for the school system for the last ten years. (2RR 16 at 13-14) There are two other children in the home, who are thirteen and ten. (2RR 16 at 21) The children subject of this suit consider those as their siblings. (2RR 16 at 24-25) A screenshot of Appellant's arrest in May of 2025 for an incident from years prior was admitted into evidence as Petitioner's Exhibit Five. (2RR 18 at 9-10)

*Testimony of Appellant Mother*

Appellant Mother testified. (2RR 20 at 22) She resides in Winters, Texas. (2RR 20 at 24) The arrest was from when she lived in Texas three years ago and then she moved to New Mexico. (2RR 21 at 9-11) She is now living at her mother's house with her two older daughters and when she found out there was a warrant, she turned herself in but the incident causing the warrant occurred three years ago. (2RR 21 at 9-16)

It was over five hundred dollars to get a drug test and she cannot afford that. (2RR 21 at 24-25) She only gets seven hundred a month on SSI and she has to live too. (2RR 22 at 1-2) She went to the SSI office in New Mexico and they told her they do not garnish wages for child support. (2RR 22 at 3-5)

The children do know her and Ms. Garza has let her see the children and when she sees them places, allows Appellant Mother to go up to the children and does not turn away. (2RR 22 at 9-14) When CPS first got involved, she was on drugs, but she worked the plan with CPS, did in patient rehab, did her parenting classes and completed everything, even having taken hair follicles and given them to Ms. Garza. (2RR 23 at 11-17)

Appellant testified she is in still in MHMR but did not really know what was going on. She has a counselor. (2RR 23 at 18-23) Appellant is on SSI because of mental issues. She has been on SSI for fifteen to twenty years. (2RR 25 at 1-15) At the time of the 2019 order, she was on SSI. (2RR 25 at 16-18) SSI indicates she can work fifteen hours a week and she has applied at the Dollar Store. (2RR 25 at 21-25) She has tried to get jobs but she does not have a lot of work background. (2RR 26 at 1-3) When she goes to see her other children living in Amarillo, her sister takes her. (2RR 26 at 1-12) She is on three medications. She takes Lexapro, Seroquel, and a new one they gave her a few weeks ago but she is not sure what that new medication is. (2RR 31 at 17-24)

Appellant Mother lives in Winters with her daughters but they make her pay rent. She could not afford the $500 nailbed test and live. (2RR 24 at 8-14) Her two older daughters are twenty-three and twenty-one. (2RR 24 at 18) She has just

moved back to Winters from New Mexico and had to start her MHMR all over but she has not asked for her diagnosis. (2RR 28 at 14-25)

Appellant Mother also has other medical issues including scoliosis (2RR 29 at 9-15) as well as nodules on her lung and cannot be on her feet for a long time. (2RR 29 at 9-21) Appellant Mother has given Ms. Garza money for birthdays but she cannot afford the child support. (2RR 34 at 19-24)

Appellant Mother was arrested recently for an incident from three years ago and the last time she used methamphetamine was around three years. (2RR 31 at 1-12)

*Court Ruling*

The Court ruled that Appellant Mother did not have a lot of money and was struggling but did not pay what was ordered and have not taken steps to get that changed or pay what she could have paid with no support whatsoever and that it was best for the children that they go on because they have a stable life with siblings who they consider their family. (2RR 35) After hearing, the Court entered an Order of Termination on August 28, 2025, finding that Appellant had failed to support the children in accordance with her ability during a period of one-year ending within six months of the date of filing of the petition and that termination was in the best interest of the children. (CR 120-122) Appellant filed a Pro Se Notice of Appeal, timely, on September 9, 2025. (CR 123)

## SUMMARY OF THE ARGUMENT

We believe the trial court abused its discretion in finding that there was clear and convincing evidence provided to the Trial Court to terminate the parental rights of Appellant Mother under TEX. FAM. CODE § 161.001(b)(1)(F).    Further, we believe that the evidence was not sufficiently proven by clear and convincing evidence that termination was in the best interest of the children under TEX. FAM. CODE § 161.001(b)(2).   Appellant Mother asks this Honorable Court to reverse the judgment of termination, render judgment restoring her parental rights, and remand this matter to the Trial Court determination of conservatorship, possession, and access to the children by Appellant Mother.

## **ISSUE NO. ONE (restated)**

No reasonable fact finder could have found by clear and convincing evidence that the Appellant Mother failed to support the children in accordance with her ability during a period of one year ending within six months of the date of the filing of the petition pursuant to Tex. Fam. Code § 161.001(b)(1)(F).  The matter should be reversed and remanded to the trial court for issues relating to conservatorship and access to the children by Appellant Mother.

# ARGUMENT: ISSUE ONE

The appellate standard for "reviewing termination findings is whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the state's allegations." *See In re C.H.,* 89 S.W. 3d 17, 25 (Tex. 2002)  In reviewing on insufficiency grounds, the reviewing court must detail the evidence relevant to the issue of parental termination and clearly state why the evidence is insufficient to support a termination finding by clear and convincing evidence. *See In re: C.H* at 19

A parent's rights to "the companionship, care, custody, and management" of her children are constitutional interests "far more precious than any property right." *See Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 1397, 71 L. Ed. 2d 599 (1982)  Due to the elevated status of parental rights,  the proof in a termination required for termination is elevated from preponderance of the evidence to clear and convincing evidence.  *See id at* 746; *See Also* TEX. FAM. CODE. § 161.001.  Clear and convincing evidence is "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.  *See* TEX. FAM. CODE § 101.007; *See Also In re: C.H.* at 25   Termination proceedings should be strictly scrutinized and involuntary termination status are strictly construed in favor of the parent.  *See In re: A.V.,* 849 S.W.2d 393, 400 (Tex. App. – Fort Worth, 1993, no writ)

This court should view the evidence in a light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *See In re: J.F.C.,* 96 S.W.3d 256, 266 (Tex. 2002)

Under Tex. Fam. Code 161.001(b)(1)(F), a parent's right may be terminated for failing to support the child in accordance with the parent's ability during a period of one year ending within six months of the date of filing the petition. *See* Tex. Fam. Code 161.001(b)(1)F)

Appellee's petition to terminate was filed on July 2, 2021. (CR 91) The relevant time period to be considered, then, was the one-year period prior to and ending on February 20, 2021 (Between February 20, 2020 and February 20, 2021). The only evidence provided to the Court was that the prior order regarding child support had been entered and that Appellant Mother made no payments through the child support disbursement unit. (3RR 5) The testimony before the trial court was that Appellant Mother lived on SSI and barely was able to live, having no ability to pay the child support that had been ordered in 2019 which the court acknowledged. (2RR 34 at 15-18)

A termination proceeding governed by section 161.001 includes the element of clear and convincing evidence of failure to support a child in accordance with the

parent's ability, such evidence to be provided by the person to which the burden is upon. In this instance, that would be Appellee's responsibility to have provided clear and convincing proof of the termination ground. "Requiring a parent at risk of losing her parental rights to present evidence of her inability to pay for the purpose of either (1) asserting an affirmative defense or (2) overcoming a child support order's implied finding of ability to pay, wrongfully shifts the burden of proving ability to pay to the parent and excuses the movant in the termination proceeding from the burden of proving that the parent failed to support in accordance with the parent's ability." *See In re: D.S.P,* 210 S.W.3d 776, 779 (Tex. App.-Corpus Christi 2006, no pet).

The Supreme Court of Texas has indicated that the burden of proof is on the person seeking termination to prove by clear and convincing evidence that the parent had the ability to pay support during each month of the relevant twelve-month period. *See In re N.A.F.*, 282 S.W. 3d 113 (2009) "Termination of parental rights is a drastic remedy and is of such weight and gravity that due process requires the petitioner to justify termination by clear and convincing evidence." *See Spangler v. Texas Dept. Reg. Servs.,* 962 S.W.2d 253, 256 (Tex. App.-Waco 1998, no pet.). The standard is defined as "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See Id.*

Proceedings in termination cases are strictly scrutinized and the involuntary termination statutes are strictly construed in favor of the parent. *See Holick v. Smith,* 685 S.W.2d 18, 20 (Tex. 1985)  Even if, at the time the child support order was entered, Appellant was able to provide child support of the amount ordered, that is not an indication of her ability to pay or her inability to support.  "While it is true that a child-support order contains an implied finding that the obligor was able to pay the ordered support, that support order only contains an implied finding as of the time the order is entered; it cannot predict the future."  *See In re NAF, a Child, supra* at 118.

The one year period means twelve consecutive months, and there must be clear and convincing proof that the parent had the ability to pay support during each month of the twelve month period  *See In re E.M.E.,* 234 S.W.3d 71, 72 (Tex. App. - El Paso 2007, no pet.); *See also In re T.B.D.,* 223 S.W. 3d 515, 518 (Tex. App.- Amarillo 2006, no pet.); *See also In re: D.S.P,* 210 S.W.3d 776, 779 (Tex. App.- Corpus Christi 2006, no pet).  "While a child support order does contain an implied finding that the obligor has the ability to pay the support, we conclude that this matter should not be afforded any relevance in a termination proceeding involving section 161.001(1)(F)." *See In the Interest of N.A.F., a Child, supra,* at 118.   The Court went on to say that an application of law that allows for a result of termination of

parental rights when the burden of proof is wrongfully shifted upon the parent to prove ability to pay, versus the requisite proof by petitioner of the parent's inability to pay "runs afoul of rulings from the Texas Supreme Court, which has ruled that 'involuntary termination statutes are strictly construed in favor of the parent." *Id.* In addition, the petitioner must establish, by clear and convincing evidence two elements: (1) one or more acts or omissions enumerated under subsection (1) of section 161.001; and (2) that termination is in the best interest of the child. *See* Tex. Fam. Code. 161.001; *See also Swate v. Swate,* 72 S.W. 3d 763, 766 (Tex. App. - Waco 2002, pet denied). "The factfinder must find that both elements are established by clear and convincing evidence, and proof of one element does not relieve the petitioner of the burden of proving the other. *See Holley v. Adams,* 544 S.W. 2d 367, 370 (Tex. 1976); *See also Swate, supra,* at 766.

Based solely on the evidence in this case, we see that Appellant Mother did not have the ability to pay her child support. Based upon evidence presented by the Appellee, such evidence was woefully insufficient and of such nature that no reasonable factfinder could believe that ground (F) was proven by clear and convincing evidence as required by TEX. FAM. CODE § 161.001(b)(1)(F). We respectfully ask the Court to reverse the judgment of termination and render judgment restoring the parental rights of Appellant Mother, remanding this matter

to the Trial Court for determination of possession and access to the child by Appellant Mother as possessory conservator.

## ISSUE NO. TWO (restated)

No reasonable factfinder could have found by clear and convincing evidence that it was in the children's the best interests for parental rights to be terminated under TEX. FAM. CODE § 161.001(b)(2). The matter should be reversed and remanded to the trial court for issues relating to conservatorship, possession, and access to the children.

## ARGUMENT AND AUTHORITIES: ISSUE TWO

Appellant Mother contends that the evidence presented to the trial court regarding the best interest of the child did not meet the requirements under TEX. FAM. CODE 161.001(b)(2). Under the paramount case, *Holley v. Adams*, the factors the factfinder can use to determine best interest of a child include: (1) the desire of the child; (2) the present and future physical and emotional needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the persons seeking custody; (5) the programs available to assist those persons seeking custody in promoting the best interest of the child; (6) the plans for the child by the individuals or agency seeking custody; (7) the stability of the home or proposed placement; (8) acts or omissions of the parent that may

indicate the existing parent-child relationship is not appropriate; and (9) any excuse for the parents' acts or omissions. *See Holley v. Adams,* 544 S.W. 2d 367, 371-372 (Tex. 1976). See Also TEX. FAM. CODE 263.307(b) which lists the factors to consider in evaluating the parents' willingness and ability to provide the child with a safe environment that include

(1) the child's age and physical and mental vulnerabilities;

(2) the frequency and nature of out-of-home placements;

(3) the magnitude, frequency, and circumstances of the harm to the child;

(4) whether the child has been the victim of repeated harm after the initial report and intervention by the department:

(5) whether the child is fearful of living in or returning to the child's home;

(6) the results of psychiatric, psychological, or developmental evaluations of the child, the child's parents, other family members, or others who have access to the child's home;

(7) whether there is a history of abusive or assaultive conduct by the child's family or others who have access to the child's home;

(8) whether there is a history of substance abuse by the child's family or others who have access to the child's home;

(9) whether the perpetrator of the harm to the child is identified;

(10)     the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision;

(11)     the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time;

(12)     whether the child's family demonstrates adequate parenting skills, including providing the child and other children under the family's care with;

    a. minimally adequate health and nutritional care;

    b. care, nurturance, and appropriate discipline consistent with the child's physical and psychological development;

    c. guidance and supervision consistent with the child's safety;

    d. a safe physical home environment;

    e. protection from repeated exposure to violence even though the violence may not be directed at the child;

And    f. an understanding of the child's needs and capabilities;

(13)     whether an adequate social support system consisting of an extended family and friends is available to the child.

There is a strong presumption that preserving the parent-child relationship is in the best interest of a child. *See* TEX. FAM. CODE § 153.191 and 153.252. In order to support an involuntary termination, the essential facts must be proven by "clear and convincing evidence" which is defined as "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *See In the Interest of G.M,* 596 S.W. 2d 846 (Tex. 1980)    A generalized statement that the children have lived in

the home for several years and they are now family is not clear and convincing in nature, we argue. That the children consider the two other children in their home as siblings is indicative of a *Holley* factor for stability but, we urge, is still insufficient to reach a standard that is clear and convincing in nature. Financially, Appellant Mother simply could not afford the fingernail bed drug test that was required of her to visit her children. Making only seven hundred dollars monthly on SSI, she was barely able to live. (2RR 21 at 24-25) Without that drug test, Appellee did not permit Appellant Mother to visit, but it was not because she chose not to, it was purely financial in nature. Appellant Mother contacted the SSI office to see if they could withhold child support out of her SSI check and was told they could not in the State of New Mexico, where she lived after the child support order was entered. (2RR 22 at 3-5)

"A parent's right to the companionship, care, custody, and management" of her children is a constitutional interest far more precious than any property right." *See Santosky v. Kramer*, *supra* The interest of parents in the care, custody, and control of their children "is perhaps the oldest of the fundamental liberty interests recognized by this Court", said the United States Supreme Court in *Troxel v. Granville,* 530 U.S. 57, 65, 120 S. Ct. 2054, 2060, 147 L. Ed. 2d 49 (2000). This "natural parental right, says the Texas Supreme Court, "is essential, a basic civil right of man, and far more precious than property rights." *See Troxel, supra:* 530

U.S. at 65, 120 S. Ct. at 2060. Termination proceedings "must be strictly scrutinized and involuntary termination statures are strictly construed in favor of the parent." *Id*

When reviewing the sufficiency of evidence supporting a trial court's order of termination, to determine whether the Department presented clear and convincing evidence, a legal sufficiency review requires the reviewing court to "look at all the evidence in the light most favorable to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *See In re: J.F.C.,* 96 S.W. 3d 256, 266 (Tex. 2002) However, in conducting a factual sufficiency review, the Appellate Court must review and weigh all the evidence, including the evidence that is contrary to the trial court's findings. *See In re: J.O.A.,* 283 S.W. 3d 336, 345 (Tex. 2009) The evidence is factually insufficient if, "in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not have reasonably formed a firm belief or conviction. *See In re J.F.C.* at 266.

The strong presumption that it is in the best interest to keep the child with his natural parent as highlighted by the Court in *In Re: D.R.A.* was not overcome with sufficient evidence of clear and convincing nature. *See In re: D.R.A.*, 374 S.W. 3d 528, 533 (Tex. App. – Houston [14th Dist.] 2012) There was simply not sufficient evidence to overcome the presumption that parental rights should remain. That

Appellant Mother, who was not permitted to see her children, is now scrutinized because she has only seen her children in passing of this small town is paramount in this case. Holding against Appellant Mother, when considering the best interest of the children that they have "moved on" the fact that she has been denied the right to see her children because she could not financially afford to take the test required of her contradicts the concept of proof that Appellant Mother was the cause for her inability to see or visit her children. Appellant Mother did not ask for anything more than the ability to remain in the children's lives and not lose her parental rights to them. She even indicated that Appellee was doing fine with the children and was not attempting to do anything but fight for her parental rights to remain intact.

Considering the length of time that has passed since the termination petition was even filed and the fact that for years while the parental rights were intact, Appellee had sole managing conservatorship of the children and had no urgency in the termination, we argue that there was no need, as far as the children were concerned, to terminate the parental rights of Appellant Mother. Further, the Appellant Mother's financial status and inability to support herself, much less pay court ordered child support, should be excused pursuant to *Holley*. We do, therefore, ask the Court to reverse this matter to the trial court rendering verdict in her favor, restoring her parental rights, and naming her possessory conservator of the child with a remand for issues concerning possession and access to the child.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellate Mother respectfully requests and honorably prays this Court reverse the judgment against her, which forever terminated her rights, render judgment naming her possessory conservator of the children, and remanding the matter only for determinations of access and possession to the children.

Respectfully Submitted,

Jenny Henley, Attorney
702 A Hickory Street
Abilene, TX 79601
Tel: 325-677-3195
Fax: 325-672-5400
Email: justicewithjenny@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, November 10, 2025, a true and correct copy of the Foregoing BRIEF OF APPELLATE MOTHER was e-Filed with eService to all parties of record in the instant case.

Jenny Henley, Attorney

# CERTIFICATE OF COMPLIANCE

I hereby certify that I used Microsoft Word to prepare this document in its entirety, then saved it to PDF form using Adobe PDF creating bookmarks. The total word count of this brief pursuant to: TRAP 9.4, with all captions, indexes, table of contents, and Authorities with Hyperlinks, Table of Contents for Appendix and Title Pages of Appendix but without appendix exhibits is a sum total of 5,587 words, it is 14-point font as required by TRAP 9.4 with margins of 1 inch top, left, bottom, and right.

_____
Jenny Henley, Attorney

# AUTHORITIES WITH HYPERLINKS

*Holick v. Smith,* 685 S.W. 2d 18 (Tex. 1985)
   *https://casetext.com/case/holick-v-smith*

*Holley v. Adams,* 544 S.W. 2d 367 (Tex. 1976)
   *https://law.justia.com/cases/texas/supreme-court/1976/b-5880-0.html*

*In re: A.V.,* 849 S.W.2d 393 (Tex. App. – Fort Worth, 1993, no writ)
   *https://casetext.com/case/av-in-interest-of*

*In re C.H.,* 89 S.W. 3d 17 (Tex. 2002)
   https://case-law.vlex.com/vid/in-re-c-h-893357662

*In re: D.R.A.*, 374 S.W. 3d 528 (Tex. App. – Houston [14th Dist.] 2012 )
   *https://casetext.com/case/in-re-dra-1*

*In re: D.S.P.,* 210 S.W.3d 776 (Tex. App.-Corpus Christi 2006, no pet)
   *https://caselaw.findlaw.com/court/tx-court-of-appeals/1352538.html#:~:text=On%20November%2017%2C%202004%2C%20the%20trial%20court,in%20the%20best%20interest%20of%20the%20children*.

*In re E.M.E.,* 234 S.W.3d 71 (Tex. App. - El Paso 2007, no pet.)
   *https://www.casemine.com/judgement/us/59146ed7add7b0493433de43*

*In re: J.F.C.,*  96 S.W.3d 256 (Tex. 2002)
   *https://www.courtlistener.com/opinion/1377577/in-re-jfc/*

*In re: J.O.A.,* 283 S.W. 3d 336(Tex. 2009)
   *https://casetext.com/case/in-re-joa*

*In re N.A.F.*, 282 S.W. 3d 113 (2009)
https://www.casemine.com/judgement/us/5914683cadd7b049342c111d

*In re T.B.D.,* 223 S.W. 3d 515 (Tex. App.-Amarillo 2006, no pet.)
https://www.casemine.com/judgement/us/59147068add7b0493435ccf8

*In the Interest of G.M,* 596 S.W. 2d 846 (Tex. 1980)
https://casetext.com/case/g-m-in-interest-of

*Santosky v. Kramer*, 455 U.S. 745, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982)
https://supreme.justia.com/cases/federal/us/455/745/

*Spangler v. Texas Dept. Reg. Servs.,* 962 S.W.2d 253(Tex. App.-Waco 1998, no pet.)
https://www.casemine.com/judgement/us/5914bbe8add7b0493479953a

*Swate v. Swate,* 72 S.W. 3d 763 (Tex. App. - Waco 2002, pet denied)
https://www.casemine.com/judgement/us/5914b8f5add7b0493478874a

*Troxel v. Granville,* 530 U.S. 57,120 S. Ct. 2054,147 L. Ed. 2d 49 (2000)
https://casetext.com/case/troxel-v-granville?

## *STATUTES/TREATISES*

**TEXAS FAMILY CODE § 101.007**

Sec. 101.007.   CLEAR AND CONVINCING EVIDENCE.   "Clear and convincing evidence" means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.

Added by Acts 1995, 74th Leg., ch. 20, Sec. 1, eff. April 20, 1995.

**TEXAS FAMILY  CODE § 153.191**

Sec. 153.191.      The court shall appoint as a possessory conservator a parent who is not appointed as a sole or joint managing conservator unless it

finds that the appointment is not in the best interest of the child and that parental possession or access would endanger the physical or emotional welfare of the child. *Tex. Fam. Code § 153.191* Added by Acts 1995, 74th Leg., ch. 20, Sec. 1, eff. 4/20/1995.

## TEXAS FAMILY CODE § 153.252

Section 153.252 - Rebuttable Presumption
In a suit, there is a rebuttable presumption that the standard possession order in Subchapter F:
**(1)** provides reasonable minimum possession of a child for a parent named as a possessory conservator or joint managing conservator; and**(2)** is in the best interest of the child.
*Tex. Fam. Code § 153.252*
Added by Acts 1995, 74th Leg., ch. 20, Sec. 1, eff. 4/20/1995.

## TEXAS FAMILY CODE § 161.001

https://statutes.capitol.texas.gov/Docs/FA/htm/FA.161.HTM

## TEXAS FAMILY CODE § 263.307(b)

https://texas.public.law/statutes/tex._fam._code_section_263.307

# APPENDIX TABLE OF CONTENTS

Appendix A:  Final Order in SAPCR April 9, 2019

Appendix B: Original Petition for Termination July 2, 2021

Appendix C: Order of Termination August 28, 2025

Appendix E: Exhibit 1 Petitioner: Child Support

# Appendix A: Final Order in SAPCR April 9, 2019

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

CAUSE NO. 940

| IN THE INTEREST OF | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| ▉▉▉▉▉▉▉▉▉▉ | § | RUNNELS COUNTY, TEXAS |
| ▉▉▉▉▉▉▉▉▉▉ | § | |
| | § | |
| CHILDREN | § | 119TH JUDICIAL DISTRICT |

## FINAL ORDER IN SUIT AFFECTING THE PARENT-CHILD RELATIONSHIP

On _April 9, 2019_, the Court considered this case.

1.  **Appearances**

   1.1.  The Department of Family and Protective Services ("the Department") appeared through **ADDISON BRISCOE**, caseworker, and by attorney, **KENNETH H. SLIMP** and announced ready.

   1.2.  Respondent Mother ▉▉▉▉▉▉▉▉▉▉
      - ☐ appeared in person and announced ready.
      - ☐ appeared through attorney of record **BEN CLAYTON** and announced ready.
      - ☒ appeared in person and through attorney of record **BEN CLAYTON** and announced ready.
      - ☐ waived issuance and service of citation by waiver duly filed.
      - ☐ agreed to the terms of this order as evidenced by signature below.
      - ☐ although duly and properly notified, did not appear and wholly made default.
      - ☐ was not notified, and did not appear.

   1.3.  Respondent Presumed Father ▉▉▉▉▉▉▉▉▉▉
      - ☐ appeared in person and announced ready.
      - ☐ appeared through attorney of record **NATHAN BUTLER** and announced ready.
      - ☒ appeared in person and through attorney of record **NATHAN BUTLER** and announced ready.
      - ☐ waived issuance and service of citation by waiver duly filed.
      - ☐ agreed to the terms of this order as evidenced by signature below.
      - ☐ although duly and properly notified, did not appear and wholly made default.
      - ☐ was not notified, and did not appear.

FILED May 21 2019
AT 8:30 O'CLOCK A M
TAMMY BURLESON
DISTRICT CLERK, RUNNELS COUNTY TEXAS
BY _____ DEPUTY

46

1.4. Respondent Presumed Father ▉▉▉▉▉▉▉▉▉▉▉
    ☐ appeared in person and announced ready.
    ☐ appeared through attorney of record **BRAD HARALSON** and announced ready.
    ☒ appeared in person and through attorney of record **BRAD HARALSON** and announced ready.
    ☐ waived issuance and service of citation by waiver duly filed.
    ☐ agreed to the terms of this order as evidenced by signature below.
    ☐ although duly and properly notified, did not appear and wholly made default.
    ☐ was not notified, and did not appear.

*G B*

1.5. ~~Respondent~~ Fictive Kin Caregiver L▉▉▉ **GARZA**
    ☒ appeared in person and announced ready.
    ☐ appeared through attorney of record _____ and announced ready.
    ☐ appeared in person and through attorney of record
    _____ and announced ready.
    ☐ waived issuance and service of citation by waiver duly filed.
    ☐ agreed to the terms of this order as evidenced by signature below.
    ☐ although duly and properly notified, did not appear and wholly made default.
    ☐ was not notified, and did not appear.

*L B*

1.6. ~~Respondent~~ Maternal Grandmother, Intervenor, ▉▉▉▉▉▉▉▉▉▉▉

    ☐ appeared in person and announced ready.
    ☐ appeared through attorney of record **JAMES P. SADLER** and announced ready.
    ☒ appeared in person and through attorney of record **JAMES P. SADLER** and announced ready.
    ☐ waived issuance and service of citation by waiver duly filed.
    ☐ agreed to the terms of this order as evidenced by signature below.
    ☐ although duly and properly notified, did not appear and wholly made default.
    ☐ was not notified, and did not appear.

1.7. **DERICK LANCASTER** appointed by the Court as Attorney Ad Litem for the children the subject of this suit,
    ☒ appeared and announced ready.
    ☐ agreed to the terms of this order as evidenced by signature below.
    ☐ although duly and properly notified, did not appear and wholly made default.

1.8. **CASA**, appointed by the Court as Guardian Ad Litem for the children the subject of this suit,
    ☒ appeared and announced ready.
    ☐ agreed to the terms of this order as evidenced by signature below.
    ☐ although duly and properly notified, did not appear and wholly made default.

47

## 2. Findings

2.1. The Court, having examined the record and heard the evidence and argument of counsel, finds that this Court has jurisdiction of this case and of all the parties and that no other court has continuing, exclusive jurisdiction of this case.

2.2. The Court, having examined the record and heard the evidence and argument of counsel, finds that the State of Texas has jurisdiction of this case pursuant to Subchapter C, Chapter 152, Texas Family Code, by virtue of the fact that Texas is the home state of the children.

2.3. All persons entitled to citation were properly cited.

2.4. The Court finds that ██████████ is the father of the child ██████
██████████

2.5. The Court finds that ████████████ is the father of the child
██████████

2.6. The Court finds that this order sufficiently defines the rights and duties of the parents of the children pursuant to § 153.603, Texas Family Code, and no further parenting plan is appropriate or necessary.

2.7 The Court finds the parties announced a Rule 11 Agreement on the record and requested the Court enter judgment based on such agreement.

## 3. Jury

A jury was waived, and all questions of fact and of law were submitted to the Court.

## 4. Record

The record of testimony was duly reported by the *April Pike* court reporter for the 119th Judicial District Court of RUNNELS County.

## 5. The children

The Court finds that the following children are the subject of this suit:

5.1.
| | |
|---|---|
| Name: | ██████████ |
| Sex: | **Female** |
| Birth Date: | **June █ 2015** |
| Social Security Number: | **Unknown** |
| Present Residence: | **Relative's Home** |
| Driver's License Number: | **n/a** |

48

5.2.                Name:      ██████████████

                        Sex:     **Female**

              Birth Date:     **February ██ 2017**

    Social Security Number:     **Unknown**

        Present Residence:     **Relative's Home**

  Driver's License Number:     **n/a**

6.     **Managing Conservatorship:**    ████████████████

6.1.     The Court finds that appointment of a parent or both parents as managing conservator would not be in the best interest of the child ██████████ ███████ because the appointment would significantly impair the child's physical health or emotional development.

6.2.     The Court finds that the nonparents **L██ G████ AND ███████ ██████** were informed of the rights and duties of a nonparent appointed as the Permanent Managing Conservator of a child, as stated in § 153.371, Texas Family Code.

6.3.     **IT IS THEREFORE ORDERED** that **L███ GARZA AND ██████ ██████████** are appointed Joint Managing Conservators of the child ███████ with the rights and duties specified in § 153.371, Texas Family Code; the Court finds this appointment to be in the best interest of the child. ██████████ will have the exclusive right to designate the residence of the children within the State of Texas.

6.4.     **IT IS FURTHER ORDERED** that **L██ G████ AND ██████ ██████** have the authority to:

6.4.1.     Authorize immunization of the child or any other medical treatment that requires parental consent;

6.4.2.     Obtain and maintain health insurance coverage for the child and automobile insurance coverage for the child, if appropriate;

6.4.3.     Enroll the child in a daycare program or school, including pre-kindergarten;

6.4.4.     Authorize the child to participate in school-related or extracurricular or social activities, including athletic activities;

6.4.5.     Authorize the child to obtain a learner's permit, driver's license, or state-issued identification card;

6.4.6.     Authorize employment of the child;

6.4.7.     Apply for and receive public benefits for or on behalf of the child; and

6.4.8.     Obtain legal services for the child and execute contracts or other legal documents for the child. 49

6.5. **IT IS FURTHER ORDERED** that L█ **GARZA AND** █████ shall, each twelve months after the date of this order, file with the Court a report of facts concerning the child's welfare, including the child's whereabouts and physical condition, as required by § 153.375, Texas Family Code.

6.6. **IT IS FURTHER ORDERED** that as of the date of the signing of this judgment, the **DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** is **REMOVED** as a Managing and/or Possessory Conservator of the child at issue in ~~68~~ this case and is **RELEASED** from any further duties, or responsibilities pursuant to any designation or authority that this court may have granted to the Department during the pendency of this case and prior to the date of this judgment.

7. **Managing Conservatorship:** ████████

7.1. The Court finds that appointment of a parent or both parents as managing conservator would not be in the best interest of the child ████████ because the appointment would significantly impair the child's physical health or emotional development.

7.2. The Court finds that the nonparents L█ **GARZA AND** █████ were informed of the rights and duties of a nonparent appointed as the Permanent Managing Conservator of a child, as stated in § 153.371, Texas Family Code.

7.3. **IT IS THEREFORE ORDERED** that L█ **GARZA AND** █████ are appointed Joint Managing Conservators of the child █████ with the rights and duties specified in § 153.371, Texas Family Code; the Court finds this appointment to be in the best interest of the child. **LACYE GARZA** will have the exclusive right to designate the residence of the children within the State of Texas

7.4. **IT IS FURTHER ORDERED** that L█ **GARZA AND** █████ have the authority to:

7.4.1. Authorize immunization of the child or any other medical treatment that requires parental consent;

7.4.2. Obtain and maintain health insurance coverage for the child and automobile insurance coverage for the child, if appropriate;

7.4.3. Enroll the child in a daycare program or school, including pre-kindergarten;

7.4.4. Authorize the child to participate in school-related or extracurricular or social activities, including athletic activities;

7.4.5. Authorize the child to obtain a learner's permit, driver's license, or state-issued identification card;

50

7.4.6. Authorize employment of the child;

7.4.7. Apply for and receive public benefits for or on behalf of the child; and

7.4.8. Obtain legal services for the child and execute contracts or other legal documents for the child.

7.5. **IT IS FURTHER ORDERED** that **L███ GARZA AND ███████ ███████** shall, each twelve months after the date of this order, file with the Court a report of facts concerning the child's welfare, including the child's whereabouts and physical condition, as required by § 153.375, Texas Family Code.

7.6. **IT IS FURTHER ORDERED** that as of the date of the signing of this judgment, the **DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** is **REMOVED** as a Managing ~~and/or Possessory~~ Conservator of the child at issue in this case and is **RELEASED** from any further duties, or responsibilities pursuant to any designation or authority that this court may have granted to the Department during the pendency of this case and prior to the date of this judgment.

7.7. **IT IS ORDERED** that each parent, who has not previously done so, provide information regarding the medical history of the parent and parent's ancestors on the medical history report form, pursuant to § 161.2021, Texas Family Code.

8. **Parties Granted Possession or Access**

8.1. Respondent Mother ████████████ is appointed possessory conservator of the children, ███████████████████████████ ████. The Court finds that such appointment is in the best interest of the children, and possession and access shall be as provided by this order, and does not exceed the restrictions needed to protect the best interest of the children.

8.2. Respondent Father ████████████ is appointed possessory conservator of the child ████████████████ The Court finds that such appointment is in the best interest of the child, and possession and access shall be as provided by this order, and does not exceed the restrictions needed to protect the best interest of the child.

8.3. Respondent Father ████████████ is appointed possessory conservator of the child ████████████████ The Court finds that such appointment is in the best interest of the child, and possession and access shall be as provided by this order, and does not exceed the restrictions needed to protect the best interest of the child.

8.4. **Rights of Parent at All Times Pursuant to § 153.073, Texas Family Code:**

8.4.1. Unless limited by court order, a parent appointed as a conservator of the children has at all times the right:

51

8.4.1.1. to receive information from any other conservator of the children concerning the health, education, and welfare of the children;

8.4.1.2. to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the children;

8.4.1.3. of access to medical, dental, psychological, and educational records of the children;

8.4.1.4. to consult with a physician, dentist, or psychologist of the children;

8.4.1.5. to consult with school officials concerning the children's welfare and educational status, including school activities;

8.4.1.6. to attend school activities;

8.4.1.7. to be designated on the children's records as a person to be notified in case of an emergency;

8.4.1.8. to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the children; and

8.4.1.9. to manage the estate of the children to the extent the estate has been created by the parent or the parent's family.

8.5. **Rights and Duties During Period of Possession Pursuant to § 153.074, Texas Family Code:**

8.5.1. Unless limited by court order, a parent appointed as a conservator of the children has the following rights and duties during the period that the parent has possession of the children:

8.5.1.1. the duty of care, control, protection, and reasonable discipline of the children;

8.5.1.2. the duty to support the children, including providing the children with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

8.5.1.3. the right to consent for the children to medical and dental care not involving an invasive procedure; and

8.5.1.4. the right to direct the moral and religious training of the children.

52

8.6. **Duty to Provide Information Pursuant to § 153.076, Texas Family Code:**

8.6.1. **IT IS ORDERED** that each conservator of the children has a duty to inform the other conservator of the children in a timely manner of significant information concerning the health, education, and welfare of the children.

8.6.2. **IT IS ORDERED** pursuant to § 153.076(b), Texas Family Code, that each conservator of the children has the duty to inform the other conservator if the conservator resides with for at least 30 days, marries, or intends to marry a person who the conservator knows:

8.6.2.1. is registered as a sex offender under Chapter 62, Code of Criminal Procedure; or

8.6.2.2. is currently charged with an offense for which on conviction the person would be required to register under that chapter.

8.6.3. The notice required to be made under § 153.076(b), Texas Family Code, must be made as soon as practicable but not later than the 40th day after the date the conservator of the children begins to reside with the person or the 10th day after the date the marriage occurs, as appropriate. The notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged.

8.6.4. **IT IS ORDERED** pursuant to §153.076(b-1), Texas Family Code, that each conservator of ███████ ████████ █████████ ████ ███████████████████ has the duty to inform the other conservator of the children if the conservator:

8.6.4.1. Establishes a residence with a person who the conservator knows is the subject of a final protective order sought by an individual other than the conservator that is in effect on the date the residence with the person is established; or

8.6.4.2. Resides with, or allows unsupervised access to a child by, a person who is the subject of a final protective order sought by the conservator after the expiration of the 60 day period following the date the final protective order is issued; or

8.6.4.3. Is the subject of a final protective order issued after the date of the order establishing conservatorship.

8.6.5. The notice required to be made under §153.076(b-1), Texas Family Code, must be made as soon as practicable but not later than:

53

8.6.5.1. The 30th day after the date the conservator establishes residence with the person who is the subject of the final protective order, if notice is required by subsection 7.5.4.1 above; or

8.6.5.2. The 90th day after the date the final protective order was issued, if notice is required by subsection 7.5.4.2 above; or

8.6.5.3. The 30th day after the date the final protective order was issued, if notice is required by subsection 7.5.4.3 above.

**8.6.6.   A CONSERVATOR COMMITS AN OFFENSE IF THE CONSERVATOR FAILS TO PROVIDE NOTICE IN THE MANNER REQUIRED BY SUBSECTIONS (b) AND (c), OR SUBSECTIONS (b-1) AND (c-1), AS APPLICABLE, OF § 153.076, TEXAS FAMILY CODE. AN OFFENSE UNDER § 153.076 (d) IS A CLASS C MISDEMEANOR.**

8.7.   **IT IS ORDERED** that the conservators shall have possession of the children at times mutually agreed to in advance by the parties and, in the absence of mutual agreement, as specified in **Attachment A** to this order, which is incorporated herein as if set out verbatim in this paragraph. The periods of possession ordered above apply to each child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

## 9.   Child Support

9.1.   **IT IS ORDERED** that the parents shall pay child support for the children as set forth in **Attachment B** to this Order, which is incorporated herein as if set out verbatim in this paragraph.

## 10.   Statement On Modification

**THE COURT MAY MODIFY THIS ORDER THAT PROVIDES FOR THE SUPPORT OF CHILDREN, IF:**

**10.1.   THE CIRCUMSTANCES OF THE CHILDREN OR A PERSON AFFECTED BY THE ORDER HAVE MATERIALLY AND SUBSTANTIALLY CHANGED; OR**

**10.2.   IT HAS BEEN THREE YEARS SINCE THE ORDER WAS RENDERED OR LAST MODIFIED AND THE MONTHLY AMOUNT OF THE CHILD SUPPORT AWARD UNDER THE ORDER DIFFERS BY EITHER 20 PERCENT OR $100.00 FROM THE AMOUNT THAT WOULD BE AWARDED IN ACCORDANCE WITH THE CHILD SUPPORT GUIDELINES.**

54

## 11. Medical Support and Health Insurance

**IT IS ORDERED** that ███████ GARZA shall keep the children enrolled in Medicaid or otherwise be responsible for maintaining health insurance for the children. The parents, ████████████████████████████████████████████, shall share equally in expenses not covered by health insurance or Medicaid.

## 12. Required Information and Notices Regarding the Parties and Children

12.1. EXCEPT FOR THOSE PERSONS SPECIFICALLY EXEMPTED FROM SUCH DISCLOSURE BELOW, EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

12.2. THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

12.3. NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $ 10,000.

55

**12.4.** **FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.**

12.5. Notice shall be given to the other party by delivering a copy of the notice to the party by registered or certified mail, return receipt requested. Notice shall be given to the Court by delivering a copy of the notice either in person to the clerk of the Court or by registered or certified mail addressed to the clerk. Notice to the State Case Registry shall not be required until the registry is established and procedures for notification published by the Title IV-D agency under Chapter 234, Texas Family Code.

12.6. The children's information is provided above; the information required of each party not exempted from such disclosure is:

12.6.1.   Name: ▮▮▮▮▮▮▮▮
Social Security number: _____
Driver's License: _____
Current address: ▮▮▮▮▮▮▮▮▮▮
Home telephone number: _____
Name of employer: _____
Address of employment: _____
Work telephone number: _____

12.6.2.   Name: ▮▮▮▮▮▮▮▮
Social Security number: _____
Driver's License: _____
Current address: ▮▮▮▮▮▮▮▮▮▮
Home telephone number: _____
Name of employer: _____
Address of employment: _____
Work telephone number: _____

12.6.3.   Name: ▮▮▮▮▮▮▮▮
Social Security number: _____
Driver's License: _____
Current address: ▮▮▮▮▮▮▮▮▮▮
Home telephone number: _____
Name of employer: _____
Address of employment: _____
Work telephone number: _____

56

| 12.6.4. | Name: | L██████ GARZA |
|---|---|---|
| | Social Security number: | |
| | Driver's License: | |
| | Current address: | ████████ Winters, TX 79567 |
| | Home telephone number: | |
| | Name of employer: | |
| | Address of employment: | |
| | Work telephone number: | |

| 12.6.5. | Name: | ████████ |
|---|---|---|
| | Social Security number: | |
| | Driver's License: | |
| | Current address: | ████████ |
| | Home telephone number: | |
| | Name of employer: | |
| | Address of employment: | |
| | Work telephone number: | |

## 13. Warnings to Parties

**FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.**

**FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.**

**FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.**

## 14. Dismissal of Other Court-Ordered Relationships

Except as otherwise provided in this order, any other existing court-ordered relationships with the children the subject of this suit are hereby terminated and any parties claiming a court-ordered relationship with the children are **DISMISSED** from this suit.

14.1. **IT IS THEREFORE ORDERED** that **BEN CLAYTON** earlier appointed to represent ████████ is relieved of all duties based on a finding of good cause.

57

14.2. **IT IS THEREFORE ORDERED** that **NATHAN BUTLER** earlier appointed to represent ███████████ is relieved of all duties based on a finding of good cause

14.3. **IT IS THEREFORE ORDERED** that **BRAD HARALSON** earlier appointed to represent ███████████ is relieved of all duties based on a finding of good cause.

14.4. **IT IS THEREFORE ORDERED** that **DERICK LANCASTER** earlier appointed to represent **the children** as the Attorney Ad Litem is relieved of all duties based on a finding of good cause.

14.5. **IT IS THEREFORE ORDERED** that **CASA** earlier appointed to represent **the children** as the Guardian Ad Litem is relieved of all duties based on a finding of good cause.

## 15. Denial of Other Relief

**IT IS ORDERED** that all relief requested in this case, and not expressly granted, is denied.

## 16. WARNING: APPEAL OF FINAL ORDER, PURSUANT TO § 263.405, TEXAS FAMILY CODE

**A PARTY AFFECTED BY THIS ORDER HAS THE RIGHT TO APPEAL. AN APPEAL IN A SUIT IN WHICH TERMINATION OF THE PARENT-CHILD RELATIONSHIP IS SOUGHT IS GOVERNED BY THE PROCEDURES FOR ACCELERATED APPEALS IN CIVIL CASES UNDER THE TEXAS RULES OF APPELLATE PROCEDURE. FAILURE TO FOLLOW THE TEXAS RULES OF APPELLATE PROCEDURE FOR ACCELERATED APPEALS MAY RESULT IN THE DISMISSAL OF THE APPEAL.**

## 17. NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS:

**YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.**

## ASSOCIATE JUDGE'S REPORT

A PARTY MAY REQUEST A DE NOVO HEARING BEFORE THE REFERRING COURT BY FILING WITH THE CLERK OF THE REFERRING COURT A WRITTEN REQUEST NOT LATER THAN 3 DAYS AFTER THE DATE THE PARTY RECEIVES NOTICE OF THE SUBSTANCE OF THE ASSOCIATE JUDGE'S REPORT IN A CASE FILED BEFORE SEPTEMBER 1, 2007, OR NOT LATER THAN THE 7TH WORKING DAY AFTER THE DATE THE PARTY RECEIVED NOTICE OF THE SUBSTANCE OF THE ASSOCIATE JUDGE'S REPORT IN A CASE FILED ON OR AFTER SEPTEMBER 1, 2007, OR NOT LATER THAN THE 3RD WORKING DAY AFTER THE DATE THE PARTY RECEIVED NOTICE OF THE SUBSTANCE OF THE ASSOCIATE JUDGE'S REPORT IN A CASE REFERRED ON OR AFTER SEPTEMBER 1, 2013, OR NOT LATER THAN THE 3RD WORKING DAY AFTER THE DATE THE PARTY RECEIVED NOTICE OF THE SUBSTANCE OF THE ASSOCIATE JUDGE'S REPORT OR THE DATE THE PARTY RECEIVED NOTICE OF THE RENDERING OF THE TEMPORARY ORDER, IF THE REQUEST CONCERNS A TEMPORARY ORDER RENDERED BY AN ASSOCIATE JUDGE UNDER § 201.007(A)(14)(C) IN A CASE REFERRED ON OR AFTER JUNE 16, 2015.

SIGNED this _15TH_ day of ___MAY___, 2019.

_____
ASSOCIATE JUDGE

Child Protection Court of the Concho Valley

APPROVED AS TO FORM:

_____
Kenneth H. Slimp
Attorney for Petitioner, Department of Family and Protective Services
613 Hutchings Ave, Room 102
Ballinger, TX 76821
_phone:_ (325) 365-2337
_fax:_ (325) 365-3408
State Bar # 18500900

59

_Derick Lancaster_
Derick Lancaster
Attorney Ad Litem for the Children


_____
Casa
Guardian Ad Litem for the Children


_____
Ben Clayton
Attorney for the Mother ███████


_____
Nathan Butler
Attorney for the Presumed Father ███████


_____
Brad Haralson
Attorney for the Presumed Father ███████


_____
L███ Garza
Fictive Kin Caregiver of the Children


_____
James P. Sadler
Attorney for the Intervenor, ███████

60

Derick Lancaster
Attorney Ad Litem for the Children

Casa
Guardian Ad Litem for the Children

Ben Clayton
Attorney for the Mother ███ ███

Nathan Butler
Attorney for the Presumed ██████████

Brad Haralson
Attorney for the Presumed Father ███ ████

███ Garza
Fictive Kin Caregiver of the Children

James P. Sadler
Attorney for the Intervenor, ██████

61

Derick Lancaster
Attorney Ad Litem for the Children

Casa
Guardian Ad Litem for the Children

Ben Clayton
Attorney for the Mother █████████

Nathan Butler
Attorney for the Presumed Father █████████

Brad Haralson
Attorney for the Presumed Father █████████

L███ Garza
Fictive Kin Caregiver of the Children

James P. Sadler
Attorney for the Intervenor, █████████

62

Derick Lancaster
Attorney Ad Litem for the Children


Casa
Guardian Ad Litem for the Children


Ben Clayton
Attorney for the Mother █████████


Nathan Butler
Attorney for the Presumed █████████████


Brad Haralson
Attorney for the Presumed Father ██████████


L███ Garza
Fictive Kin Caregiver of the Children


James P. Sadler ██
Attorney for the Intervenor, █████████████

Derick Lancaster
Attorney Ad Litem for the Children

Casa
Guardian Ad Litem for the Children

Ben Clayton
Attorney for the Mother ██████████

Nathan Butler
Attorney for the Presumed Father Jared Christian ██████ ██████

Brad Haralson
Attorney for the Presumed Father ████████████

Lacye Garza
Fictive Kin Caregiver of the Children

James P. Sadler
Attorney for the Intervenor, ████████████

**SIGNED** this _____ day of _____, 2019.


    ASSOCIATE JUDGE

    Child Protection Court of the Concho Valley


**APPROVED AS TO FORM:**


Kenneth H. Slimp
Attorney for Petitioner, Department of Family and Protective Services
613 Hutchings Ave, Room 102
Ballinger, TX 76821
*phone:* (325) 365-2337
*fax:* (325) 365-3408
State Bar # 18500900


Derick Lancaster
Attorney Ad Litem for the Children


Casa
Guardian Ad Litem for the Children


Ben Clayton
Attorney for the Mother ██████████


Nathan Butler
Attorney for the Presumed Father ██████████


Brad Haralson
Attorney for the Presumed Father ██████████




65

Fictive Kin Caregiver of the Children

James P. Sadler
Attorney for the Intervenor █████████

66

# ATTACHMENT A

## Possession of and Access to the Children

**18.**   **IT IS ORDERED** that Respondent Intervenor, ███████████████████, named as joint managing conservator of the children ███████████████████ ███████████████████, shall have possession and access as follows:

Thanksgiving in odd years; second half of Christmas break in odd years and first half in even years; Spring break in even years; for Summer 2019, 7 days of her choosing, by giving notice of those dates on or before 06-01-19, provided that ███████████ has had no less than 4 visits in Texas with the children (2 with ████ Garza and 2 separate overnight unsupervised visits in Texas. Beginning Summer 2020, ███████████ shall have possession for two (2) 30-day periods in the summer beginning at the time school is dismissed in the spring until 1 one week prior to school resuming. ███████ may designate 14 consecutive days in the summer in which the children will remain with ███████ by no later than April 1st of each year. ████████ will notify ███████ of the dates for her two 30-day periods no later than April 15th of each year. ███████ is to have exclusive possession during all other times not designated for ███████ ███████ will pick up and return the children to the residence of ████ Ga██ provided, however, if ███████ moves her residence more than 320 miles from the residence of ███████ in Rogers, NM, ███████ shall meet ███████ at an agreed location that is not more than 320 miles from Rogers, NM.

**19.**   **IT IS ORDERED** that Respondent Mother, ███████████ named as possessory conservator of the children ███████████████████ ██████████ shall have possession and access as follows:

Shall be one time per calendar month on a Saturday for two hours or as otherwise agreed by L██ G██ All visits to be supervised by ████ Garza or a competent designee. ███████ must provide no less than 30 day's notice of her requested visitation day.

67

20. **IT IS ORDERED** that Respondent Father, ████████████ named as possessory conservator of the child ████████████ shall have possession and access as follows:

> Shall have possession and access to Addison at times mutually agreed to by he and ████████████ and only during her periods of possession. ████████████ visitation will be supervised by ████████████ or her designee unless both managing conservators agree that supervision is not necessary.

21. **IT IS ORDERED** that Respondent Father, ████████████ named as possessory conservator of the child ████████████ shall have possession and access as follows:

> Shall be one time per calendar month on a Saturday for two hours or as otherwise agreed by ████████████ All visits to be supervised by ████████████ or a competent designee. ████████████ must provide no less than 30 days notice of his requested visitation day.

22. **IT IS ORDERED** that if requested by a managing conservator, a parent must submit to a hair follicle drug test within 2 days of request and provide the results to both managing conservators, but no more than 1 time in any 12 month period. Each possessory conservator shall submit to a UA drug screen on the day of request by a managing conservator and provide the results to both managing conservators. If any drug screen is positive for illegal narcotics or narcotics for which there is no valid prescription, the applicable possessory conservator testing positive will not be allowed visitation until they have presented a clean negative drug screen to each managing conservator. Drug tests are at the expense of the possessory conservator. Managing conservators may stop and/or not allow visitation with a possessory conservator if they reasonably believe the person to be under the influence of alcohol or narcotic drugs.

23. **IT IS ORDERED** that ████████████ must provide written documentation showing she remains under the care of MHMR as a condition to her visitation, and shall provide such documentation to each managing conservator upon request.

68

## ATTACHMENT B

## Child Support

**24.    Child Support Obligation:** ██████████████

24.1.    The Court finds that ████████████ is obligated to support ██████ ████████████████████ children the subject of this suit, pursuant to §154.001, Texas Family Code.

24.2.    **Monthly Payments**

24.2.1. **IT IS ORDERED** that ████████████ is obligated to pay and shall pay child support to ████████ of $255.28 per month for the support of ████████████████████ ████, with the first payment being due and payable on the 1st day May, 2019 and a like payment being due and payable on the 1st day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below:

24.2.1.1. EITHER child reaches the age of eighteen years, provided that, if the child is fully enrolled in an accredited secondary school in a program leading toward a high school diploma, the periodic child support payments shall continue to be due and paid until the end of the month in which the child graduates;

24.2.1.2. EITHER child marries;

24.2.1.3. EITHER child dies;

24.2.1.4. EITHER child's disabilities are otherwise removed for general purposes;

24.2.1.5. further order modifying this child support;

24.2.1.6. EITHER child is dismissed from this action; or

24.2.1.7. the date on which the child begins active service in the armed forces, as defined by 10 U.S.C., Section 101.

24.2.2. Thereafter, ████████████ is **ORDERED** to pay child support of $204.22, per month, due and payable on the 1st day of the first month immediately following the date of the earliest occurrence of one of the events specified in items listed under **Monthly Payments** above and a like sum of $204.22 due and payable on the 1st day of each month thereafter until the next occurrence of one of the specified events.

69

24.3. **Notice of Change of Employer**

**IT IS FURTHER ORDERED** that ███████████ and her employer shall notify this Court and the Managing Conservator of the children the subject of this suit by U.S. certified mail, return receipt requested, of any termination of employment. This notice shall be given no later than seven days after the termination of employment, and shall include the current, or last known address of ███████████ and the name and address of the new employer, if known. ███████████ shall inform any subsequent employer of this support obligation and the withholding order.

## 25. Child Support Obligation: ███████████

25.1. The Court finds that ███████████ is obligated to support ███████ ███████████ children the subject of this suit, pursuant to §154.001, Texas Family Code.

25.2. **Monthly Payments**

25.2.1. **IT IS ORDERED** that ███████████ is obligated to pay and shall pay child support to ███████ of $204.22 per month for the support of ███████████ with the first payment being due and payable on the 1st day of May, 2019 and a like payment being due and payable on the 1st day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below

25.2.1.1. THE child reaches the age of eighteen years, provided that, if the child is fully enrolled in an accredited secondary school in a program leading toward a high school diploma, the periodic child support payments shall continue to be due and paid until the end of the month in which the child graduates;

25.2.1.2. THE child marries;

25.2.1.3. THE child dies;

25.2.1.4. THE child's disabilities are otherwise removed for general purposes;

25.2.1.5. further order modifying this child support;

25.2.1.6. THE child is dismissed from this action; or

25.2.1.7. the date on which the child begins active service in the armed forces, as defined by 10 U.S.C., Section 101.

70

25.2.2. Thereafter, [REDACTED] is **ORDERED** to pay child support of $204.22, per month, due and payable on the 1st day of the first month immediately following the date of the earliest occurrence of one of the events specified in items listed under **Monthly Payments** above and a like sum of $204.22due and payable on the 1st day of each month thereafter until the next occurrence of one of the specified events.

### 25.3. Notice of Change of Employer

**IT IS FURTHER ORDERED** that [REDACTED] and his employer shall notify this Court and the Managing Conservator of the child the subject of this suit by U.S. certified mail, return receipt requested, of any termination of employment. This notice shall be given no later than seven days after the termination of employment, and shall include the current, or last known address of [REDACTED] and the name and address of the new employer, if known. [REDACTED] shall inform any subsequent employer of this support obligation and the withholding order.

## 26. Child Support Obligation: [REDACTED]

26.1. The Court finds that [REDACTED] is obligated to support [REDACTED] children the subject of this suit, pursuant to §154.001, Texas Family Code.

### 26.2. Monthly Payments

26.2.1. **IT IS ORDERED** that [REDACTED] is obligated to pay and shall pay child support to [REDACTED] of $204.22 per month for the support of [REDACTED] with the first payment being due and payable on the 1st day of May, 2019 and a like payment being due and payable on the 1st day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below

26.2.1.1. THE child reaches the age of eighteen years, provided that, if the child is fully enrolled in an accredited secondary school in a program leading toward a high school diploma, the periodic child support payments shall continue to be due and paid until the end of the month in which the child graduates;

26.2.1.2. THE child marries;

26.2.1.3. THE child dies;

26.2.1.4. THE child's disabilities are otherwise removed for general purposes;

26.2.1.5. further order modifying this child support;

71

26.2.1.6. THE child is dismissed from this action; or

26.2.1.7. the date on which the child begins active service in the armed forces, as defined by 10 U.S.C., Section 101.

26.2.2. Thereafter, ███████████████ is **ORDERED** to pay child support of $204.22, per month, due and payable on the 1st day of the first month immediately following the date of the earliest occurrence of one of the events specified in items listed under **Monthly Payments** above and a like sum of $204.22 due and payable on the 1st day of each month thereafter until the next occurrence of one of the specified events.

26.3. **Notice of Change of Employer**

**IT IS FURTHER ORDERED** that ███████████████ and his employer shall notify this Court and the Managing Conservator of the child the subject of this suit by U.S. certified mail, return receipt requested, of any termination of employment. This notice shall be given no later than seven days after the termination of employment, and shall include the current, or last known address of ███████████████ and the name and address of the new employer, if known. ███████████████ hall inform any subsequent employer of this support obligation and the withholding order.

27. **Place and Manner of Payment of Child Support**

27.1. **IT IS ORDERED** that all child support payments are to be made through the Texas Child Support State Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791, for distribution according to law.

28. **Statement on Guidelines**

To the extent that any support obligation specified above varies from the amount computed by applying the percentage guidelines in Chapter 154, Texas Family Code, the Court finds that the application of the percentage guidelines would be unjust or inappropriate, as more particularly shown in this Court's Findings on Child Support Order with respect to each obligor, which findings are incorporated herein as if set out verbatim in this paragraph.

29. **Statement On Modification**

**THE COURT MAY MODIFY THIS ORDER THAT PROVIDES FOR THE SUPPORT OF A CHILD, IF:**

29.1. **THE CIRCUMSTANCES OF THE CHILD OR A PERSON AFFECTED BY THE ORDER HAVE MATERIALLY AND SUBSTANTIALLY CHANGED; OR**

29.2. **IT HAS BEEN THREE YEARS SINCE THE ORDER WAS RENDERED OR LAST MODIFIED AND THE MONTHLY AMOUNT OF THE CHILD**

72

**SUPPORT AWARD UNDER THE ORDER DIFFERS BY EITHER 20 PERCENT OR $100.00 FROM THE AMOUNT THAT WOULD BE AWARDED IN ACCORDANCE WITH THE CHILD SUPPORT GUIDELINES.**

## 30. Termination of Duty of Support

Pursuant to §154.006, Texas Family Code, unless otherwise agreed in writing or expressly provided in the order or as provided by Subsection (b), the child support order terminates on

30.1. THE child reaches the age of eighteen years, provided that, if the child is fully enrolled in an accredited secondary school in a program leading toward a high school diploma, the periodic child support payments shall continue to be due and paid until the end of the month in which the child graduates;

30.2. THE child marries;

30.3. THE child dies;

30.4. THE child's disabilities are otherwise removed for general purposes;

30.5. further order modifying this child support;

30.6. THE child is dismissed from this action; or

30.7. the date on which the child begins active service in the armed forces, as defined by 10 U.S.C., Section 101.

73

# Appendix B: Original Petition for Termination

## July 2, 2021

**NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA**

## NO. 940

| | | |
|---|---|---|
| **IN THE INTEREST OF** | § | **IN THE DISTRICT COURT** |
| | § | |
|  **AND** | § | **119TH JUDICIAL DISTRICT** |
| | § | |
| | § | |
| | § | |
| **CHILDREN** | § | **RUNNELS COUNTY, TEXAS** |

### ORIGINAL PETITION
### TO TERMINATE PARENT-CHILD RELATIONSHIP

*1.     Discovery Level*

Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

*2.     Objection to Assignment of Case to Associate Judge*

Petitioner objects to the assignment of this matter to an associate judge for a trial on the merits or presiding at a jury trial.

*3.     Petitioner*

This suit is brought by  GARZA, Petitioner. The last three numbers of

Petitioner is the nonparent sole managing conservator of the children the subject of this suit.

*4.     Jurisdiction*

This Court has acquired and retains continuing, exclusive jurisdiction of this suit and of the children the subject of this suit as a result of prior proceedings.

Information required by section 152.209 of the Texas Family Code is provided in the affidavit attached as Exhibit "A".

*5.     Interstate Placement Information*

A verified allegation or statement complying with section 162.002 of the Texas Family Code is attached to this petition as Exhibit "B" and incorporated for all purposes.

6. *Children*

The following children are the subject of this suit:

Name: ████████████████████████
Sex: Female
Birth date: June ██ 2015

Name: ████████████████████
Sex: Female
Birth date: February ██ 2017

7. *Persons Entitled to Citation*

The mother of the children the subject of this suit is ████████████

Process should be served at ███████████████████████████

The presumed father of ████████████████████████ a child the subject of this suit, is ████████████████

Process should be served at ██████████████████████████████

The presumed father of ████████████████████ a child the subject of this suit, is ████████████████████

Process should be served at ███████████████████████

Persons having a court-ordered relationship with the children the subject of this suit are:

Name: ██████████████ GARZA
Relationship: Nonparent sole managing conservator

No service is necessary at this time.

Name: ██████████████
Relationship: Mother ████████ ████████████████████
████████

Process should be served at ██████████████████████████

Name: ██████████████
Relationship: Father of ████████████████

Process should be served at ████████████████████████

Name: ████████████
Relationship: Father of ████████████████

2

Process should be served at ██████████████████

8.  *Property*

No property of consequence is owned or possessed by the children the subject of this suit.

9.  *Protective Order Statement*

No protective order under title 4 of the Texas Family Code, protective order under subchapter A of chapter 7B of the Texas Code of Criminal Procedure, or order for emergency protection under article 17.292 of the Texas Code of Criminal Procedure is in effect in regard to a party to this suit or a child of a party to this suit, and no application for any such order is pending.

10. *Termination Sought*

Mother.

Termination of the parent-child relationship between ███████████████ and the children the subject of this suit is in the best interest of the children, and such termination is requested.

As grounds for termination, Petitioner alleges that this parent has failed to support the children in accordance with her ability during a period of one year ending within six months of the date of the filing of this petition.

Presumed Father.

Termination of the parent-child relationship between ███████████████ and ███████████████ a child the subject of this suit, is in the best interest of the child, and such termination is requested.

As grounds for termination, Petitioner alleges that this parent has failed to support the children in accordance with her ability during a period of one year ending within six months of the date of the filing of this petition.

Presumed Father.

Termination of the parent-child relationship between ███████████████ and ███████████████ a child the subject of this suit, is in the best interest of the child, and such termination is requested.

As grounds for termination, Petitioner alleges that this parent has failed to support the children in accordance with her ability during a period of one year ending within six months of the date of the filing of this petition.

93

## 11. Waiver Requested

The interests of the children will be represented adequately by Petitioner, whose interests are not in conflict with the children's interests.

## 12. Attorney's Fees, Expenses, Costs, and Interest

It was necessary for Petitioner to secure the services of Shawntell McKillop, a licensed attorney, to preserve and protect the children's rights. Respondent ███████████ should be ordered to pay reasonable attorney's fees, expenses, and costs through trial and appeal, and a judgment should be rendered in favor of this attorney and against Respondent ██████ ███████ and be ordered paid directly to the undersigned attorney, who may enforce the order in the attorney's own name. Petitioner requests postjudgment interest as allowed by law.

## 13. Prayer

Petitioner prays that citation and notice issue as required by law. Petitioner prays that the Court enter its order in accordance with the allegations of this petition.

Petitioner prays for attorney's fees, expenses, costs, and interest as requested above.

Petitioner prays for general relief.

Respectfully submitted,

SHAWNTELL MCKILLOP
25 W. Beauregard Ave
San Angelo, TX 76903-5832
Tel: (325) 658-1991
Fax: (325) 655-1391

By:_____

Shawntell McKillop
State Bar No. 24007655
mckillopattorney@hotmail.com
Attorney for Petitioner

94

4

# EXHIBIT "A"
## AFFIDAVIT FOR UCCJEA INFORMATION

██████████ GARZA appeared in person before me today and stated under oath:

"My name is ██████████ GARZA. I am above the age of eighteen years, and I am fully competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

"I am the Petitioner in this case.

"The children's present address is ██████████████████████

"For the past five years immediately preceding the date of this affidavit, the children have lived at the following addresses with the following persons:

████████████████████

Address:            Unknown addresses – several places in Winters, Texas
Persons lived with: ████████████████
Date:               ███████████████ late 2016 or early 2017.

Address:            Unknown address in Abilene, Texas
Persons lived with: ████████████████
Date:               ██████████████ 2017 – 10/29/2017.

Address:            Unknown address for family (foster care) in Abilene, Texas
Persons lived with: Names unknown — foster family
Date:               10/29/2017 – 04/06/2018.

Address:            ██████████████████ 79567
Persons lived with: ██████████ GARZA
Date:               04/06/2018 - present.

"The present address of ████████████ is ██████████████████████
██████████

"The p██████████████████████████████████████████
██████████

████████████████,

Address:            Unknown address in Abilene, Texas
Persons lived with: ████████████████
Date:               02/16/2017 – 10/29/2017.

95

5

Address:         Unknown address for family (foster care) in Abilene, Texas
Persons lived with:  Names unknown – foster family
Date:            10/29/2017 – 04/06/2018.

Address:         █████████████████████████
Persons lived with:  ████████████ GARZA
Date:            04/06/2018 - present.

"The present address of ███████████ is ████████████████████████
█████████

"The present address of ████████ GARZA is ██████████████████████
███████

"I have participated as a party in other proceedings concerning the custody of or visitation with the children in Texas in cause number 940 in the 119th Judicial District Court. A child custody determination was made in that proceeding on May 15, 2019.

"I have participated as a party in other proceedings concerning the custody of or visitation with the children in Texas in cause number 940 in the 119th Judicial District Court. A child custody determination was made in that proceeding on October 5, 2020.

"I do not know of any proceeding that could affect this proceeding, including proceedings for enforcement and proceedings relating to domestic violence, protective orders, termination of parental rights, and adoptions.

"I do not know of any person not a party to this proceeding who has physical custody of the children or claims rights of legal custody or physical custody of, or visitation with, the children.

"In cause number 940 in the 119th Judicial District Court, on May 15, 2019, I was appointed as a nonparent joint managing conservator of the children.

"In cause number 940 in the 119th Judicial District Court, on October 5, 2020, I was appointed as a nonparent sole managing conservator of the children."

Lacye Garza (Jun 30, 2021 13:21 CDT)

████████████ GARZA

SIGNED under oath before me on _June 30_____, 2021. This notarial act was an online notarization.

_____
Notary Public, State of Texas

KIM CONNER
Notary Public, State of Texas
Comm. Expires 11-14-2024
Notary ID 741961-6

96 6

# EXHIBIT "B"

## AFFIDAVIT CONCERNING INTERSTATE COMPACT

█████████████ GARZA appeared in person before me today and stated under oath:

"I am the Petitioner. I am above the age of eighteen years, and I am fully competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

"This is a suit for termination of the parent-child relationship.

"There has not been compliance with subchapter B of chapter 162 of the Texas Family Code, which deals with the interstate placement of children, because the children the subject of this suit were not placed by another state or by an out-of-state person, agency, or entity."

_____
Lacye Garza (Jun 30, 2021 13:21 CDT)

█████████████ GARZA, Affiant

SIGNED under oath before me on the 30th day _____June_____, 2021. This notarial act was an online notarization.

_____
Notary Public, State of Texas

> KIM CONNER
> Notary Public, State of Texas
> Comm. Expires 11-14-2024
> Notary ID 741961-6

977

# Appendix C: ORDER OF TERMINATION AUGUST 28, 2025

**NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA**

## NO. 940

| | | |
|---|---|---|
| **IN THE INTEREST OF** | § | **IN THE DISTRICT COURT** |
| | § | |
| ███████████████ | § | **119TH JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **CHILDREN** | § | **RUNNELS COUNTY, TEXAS** |

## ORDER OF TERMINATION

### 1.    Date of Hearing

On August 28, 2025 the Court heard this case.

### 2.    Appearances

Petitioner, ███████████████ appeared physically in the courtroom. █████ ███████ attorney of record, Shawntell McKillop, appeared physically in the courtroom and announced ready.

Respondent, ███████████ received process by substituted service and Stephanie Goodman was appointed by the Court as attorney ad litem for her. Stephanie Goodman appeared physically in the courtroom, and also Respondent, █████████, appeared physically in the courtroom and announced ready. After appearance by ███████████, Stephanie Goodman was excused by the Court.

Respondent, ███████████ has made a general appearance and was duly notified of trial but failed to appear and defaulted.

Respondent, ███████████, although duly and properly cited, did not appear and wholly made default.

The Court finds that ███████████ a party to the suit, has no interest adverse to the children the subject of this suit and would adequately represent the interest of the children. No attorney ad litem or amicus attorney was necessary, and none was appointed.

### 3.    Jurisdiction

The Court, after examining the record and hearing the evidence and argument of counsel, finds that it has jurisdiction of this case and of all the parties and that no other court has continuing, exclusive jurisdiction of this case. All parties entitled to citation were properly cited.

### 4.    Jury

A jury was waived, and all questions of fact and of law were submitted to the Court.

5.   *Record*

The record of testimony was duly reported by Lori Dobbins, the court reporter for the 119th Judicial District Court.

6.   *Children*

The Court finds that the following children are the subject of this suit:

Name: ██████████████████████
Sex: Female
Birth date: June ██, 2015
Place of Birth: _____, _____ County, New Mexico

Name: ███████████████████
Sex: Female
Birth date: February ██ 2017
Place of Birth: Abilene, Taylor County, Texas

The Court finds that there is no reason to know that the children are Indian Children as defined by the Indian Child Welfare Act.

7.   *Termination*

<u>Mother</u> ████████████████████████████████████████████.

The Court finds by clear and convincing evidence that ████████████████ has-
a.       failed to support the children in accordance with her ability during a period of one year ending within six months of the date of the filing of the petition.

The Court also finds by clear and convincing evidence that termination of the parent-child relationship between ████████████ and the children the subject of this suit is in the best interest of the children.

IT IS THEREFORE ORDERED that the parent-child relationship between ████████ and ████████████████████████████████████████ the children the subject of this suit, is terminated.

<u>Presumed Father of</u> ████████████████████.

The Court finds by clear and convincing evidence that ████████████████ has-
a.       failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition and

The Court also finds by clear and convincing evidence that termination of the parent-child relationship between ████████████ and the child the subject of this suit is in the best

121

interest of the child.

IT IS THEREFORE ORDERED that the parent-child relationship between ███████ and ███████████████████████ a child the subject of this suit, is terminated.

Presumed Father of ████████████████████.

The Court finds by clear and convincing evidence that ████████████████ has-

b.     failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition.

The Court also finds by clear and convincing evidence that termination of the parent-child relationship between ██████████████ and the child the subject of this suit is in the best interest of the child.

IT IS THEREFORE ORDERED that the parent-child relationship between ██████ ████████████████████████, a child the subject of this suit, is terminated.

8.    *Interstate Compact*

The Court finds by clear and convincing evidence that Petitioner has filed a verified allegation or statement regarding compliance with the Interstate Compact on the Placement of Children as required by section 162.002 of the Texas Family Code.

9.    *Costs*

IT IS ORDERED that costs of court are to be borne by the party who incurred them.

10.    *Relief Not Granted*

IT IS ORDERED that all relief requested in this case and not expressly granted is denied.

This Order of Termination judicially PRONOUNCED AND RENDERED in court at Ballinger, RUNNELS County, Texas, on August 28, 2025, and further noted on the court's docket sheet on the same date, but signed on August _28_, 2025.

_____
JUDGE PRESIDING

# Appendix D: Petitioner's Exhibit 1 from Trial re: Child Support



**Office of the Attorney General**
**Texas Child Support Disbursement Unit Payment Record**

This payment record reflects payments received from the Non-Custodial Parent by the Texas Child Support Disbursement Unit (SDU).

If applicable, the record also reflects payments received or recorded prior to the establishment of the SDU registry in 1997. You may need to contact the local child support registry to ensure a complete payment record is obtained for the specified Case/Cause numbers, if the Office of the Attorney General was not the Non-Custodial Parent's payment registry before the SDU began processing payments.

| | |
|---|---|
| This payment record was generated on: | 08/14/2025 |
| Total Amount Paid: | 0.00 |
| Names: | ████████████████ |
| Case Number: | 0013931778 |

| Payment Record | -08/14/2025 | |
|---|---|---|
| **Payment Date** | **Payment Amount** | **Cause#** |

This is a true and correct copy of the computerized official child support payment records of the Texas Child Support Disbursement Unit.

This payment record is admissible in a court proceeding as evidence of payments made through the Texas Child Support Disbursement Unit pursuant to Texas Family Code Section 157.002(b)(3), Section 157.162(c), and Section 234.001(d).

Page 1 of 1

childsupport.oag.texas.gov

  

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Jenny Henley
Bar No. 24031921
justicewithjenny@hotmail.com
Envelope ID: 107862325
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: 15-25-00166-CV BRIEF OF APPELLANT MOTHER
Status as of 11/10/2025 2:18 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Shawntell  McKillop | | main@mckilloplawoffice.com | 11/10/2025 12:40:47 PM | NOT SENT |
| Jenny Henley | | justicewithjenny@hotmail.com | 11/10/2025 12:40:47 PM | NOT SENT |